IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY HUFF,                          :
          *Plaintiff*,              :
                                    :
     v.                             :          CIVIL ACTION
                                    :          NO. 15-5634
CAROLYN W. COLVIN,                  :
ACTING COMMISISONER                 :
OF SOCIAL SECURITY,                 :
          *Defendant*.              :


**Jones, II    J.**                                    **May 31, 2017**

## MEMORANDUM

    Plaintiff Mary Huff claims she is disabled and, therefore, entitled to supplemental income under Title XVI of the Social Security Act. Huff commenced the instant action seeking judicial review of the Social Security Administration's decision denying her claim for the second time. This Court referred the matter to the Honorable M. Faith Angell, U.S. Magistrate Judge, for a report and recommendation (R&R). Before this Court are Plaintiff's Objections to Judge Angell's R&R. After an independent review of the record and the parties' briefs, Plaintiff's Objections are overruled and Judge Angell's R&R is approved and adopted in its entirety.

### Relevant Background

    Review of the second denial of Plaintiff's claim depends, in part, on this Court's prior decision to remand Plaintiff's original claim.

**I.      This Court's Decision to Remand Plaintiff's Original Disability Claim**

    Huff was 48 years old when she initially filed a Title XVI application claiming disability due to a long list of infirmities, including fibromyalgia and migraine headaches. An Administrative Law Judge (ALJ) denied that original claim. Admin R. 10-13, 17, ECF No. 8-2.

In that initial decision, the ALJ determined that Huff did not suffer from severe fibromyalgia or migraine headaches within the meaning of the applicable Social Security regulations. He found instead that two of her other impairments were severe: degenerative disc disease and mood disorder. The ALJ also found that Huff had the residual functional capacity (RFC) to do a limited range of light work, specifically lifting 10 pounds frequently and 20 pounds occasionally and performing simple one- to two-step routine tasks with no decision-making or speed work. Considering Huff's age, eleventh-grade education, and work experience, as well as the existence of relevant jobs in the national economy that she could perform even with her limitations, the ALJ concluded that Huff was not disabled within the meaning of Title XVI. *Id.* at 12-18.

Dissatisfied with that result, Huff commenced the first action in this Court, requesting review and remand on the grounds that the ALJ erred by not finding that her fibromyalgia and migraines were severe impairments and by improperly rejecting medical evidence offered by her treating physicians. *See Huff v. Astrue*, No. 11-cv-2626, Pl.'s Br. & SI 3-14, Dkt No. 11 (E.D.P.A. Sept. 12, 2011). Huff also claimed the ALJ incorrectly evaluated her credibility and failed to properly explain his assessment of her RFC. *Id.* at 14-21. This Court referred the case to the Honorable Arnold C. Rapoport, U.S. Magistrate Judge, for a report and recommendation.

Judge Rapoport recommended remanding the case to the Social Security Administration. Admin. R. 836, ECF No. 8-14. He found the ALJ's chronological analysis of Plaintiff's "fibromyalgia contain[ed] inconsistencies that need[ed] to be re-examined," specifically whether the ALJ "believed that Plaintiff had been treated for fibromyalgia for an extended period of time, as would be implied by the statement that she has been on 'multiple medications for fibromyalgia in the past,'" or whether he believed that she has only "'recently sought treatment'

for her fibromyalgia." *Id*. at 827. Judge Rapoport also found that substantial evidence did not support the ALJ's determination that Plaintiff's migraines were not severe because it was based solely on the finding that "all testing had been negative" even though migraines are not typically detectable "by imaging techniques or laboratory tests." *Id*. at 827-28. Lastly, he determined that "contradictory medical evidence" did not support the ALJ's decision to reject the opinions of Plaintiff's treating physicians. *Id*. at 834.

On that basis, Judge Rapoport concluded that remand was necessary because additional analysis could impact the ALJ's RFC and credibility determinations, as well as his assessment of the vocational expert's testimony. *Id*. at 835. This Court adopted Judge Rapoport's R&R, and remanded the claim to the Social Security Administration ("Remand Order").

## II. On Remand, Social Security Again Denied Plaintiff's Disability Claim

On remand, the ALJ reached the same conclusions and again denied Huff's claim – the decision that is the subject of the present action. Admin R. 746-61, ECF No. 8-13. Plaintiff is again requesting review and remand for an award of benefits. Pl.'s Br. & SI 21, ECF No. 10. On referral from this Court, Judge Angell issued an R&R recommending that Plaintiff's claim be denied. Plaintiff filed timely Objections, which this Court now reviews.

STANDARD OF REVIEW

Objections to a magistrate judge's R&R are entitled to *de novo* review. 28 U.S.C. § 636(b)(1)(C). A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, the review of a final decision of the Social Security Commissioner is deferential and is limited to determining whether the Commissioner's decision is supported by "substantial evidence." 32 U.S.C. §§ 405(g), 1382(c)(3); *see also Jenkins v. Comm'r of Soc. Sec.*, 192 F. App'x 113, 114 (3d Cir.

2006).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)).  In terms of the traditional burdens of proof, substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."  *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971).  In assessing whether substantial evidence supports an ALJ's decision, a court must consider all evidence of record regardless of whether the ALJ cited to it.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

<u>DISCUSSION</u>

Plaintiff's Objections raise the same issues presented before Judge Angell: (1) the ALJ's finding that Plaintiff does not have "severe fibromyalgia" or "severe migraines" is not supported by substantial evidence; (2) the ALJ rejected the medical opinions of Plaintiff's treating physicians without reasonable explanation; (3) the ALJ improperly rejected Plaintiff's testimony; and (3) the ALJ incorrectly relied on vocational expert testimony.  Pl.'s Objs., ECF No. 18.  Additionally, Plaintiff claims the ALJ failed to comply with the Remand Order, such failure being itself a ground for reversal.  *Id*. at 1 (citing *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)).  Because this Court agrees with Judge Angell's R&R in all respects, and finds the ALJ complied with the Remand Order, Plaintiff's Objections are overruled and judgment will be entered in Defendant's favor.

I.      **The ALJ Sufficiently Justified His Determination that Plaintiff's Fibromyalgia and Migraines Are Not Severe**

Plaintiff claims the ALJ did not adequately address the severity of her fibromyalgia or migraines, and incorrectly found those impairments to be non-severe, thereby prejudicing his conclusion that she is not disabled.  Pl.'s Objs. 2-3.

In denying Plaintiff's disability claim a second time, the ALJ followed the five-step analysis required by the Social Security Administration's regulations, 20 C.F.R. § 416.920. *See* Admin. R. 747-60, ECF No. 8-13. At issue here is step two, which involves evaluating Plaintiff's medically determinable impairments and their respective severity. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). It is not enough merely to identify impairments; the ALJ must also determine whether those impairments are severe enough to warrant further analysis. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (if step two's severity requirement is met, the sequential analysis may proceed). In this case, the ALJ concluded that Plaintiff suffered from severe degenerative disc disease and mood disorder, but not from severe fibromyalgia or migraines. Admin. R. 749-55, ECF No. 8-13. The ALJ completed the five-step analysis for the two severe impairments, but rejected Plaintiff's disability claim at step five on the basis that her limitations did not prevent her from performing jobs that exist in significant numbers in the national economy, 20 C.F.R. § 416.969. *Id*. at 759-60.

Instead of reviewing the ALJ's step-two findings on the merits, as requested by Plaintiff, Judge Angell concluded that the ALJ's supposed failure to justify those findings was "immaterial" since the ALJ completed the five-step analysis for at least one severe impairment and still found the Plaintiff was not disabled. R&R 9 (citing to *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in Salles's favor at Step Two, *even if he had erroneously concluded that some of her other impairments were non-severe*, any error was harmless") (emphasis added), and *Li Hua Yuan v. Attorney Gen. of U.S.*, 642 F.3d 420, 427 (3d Cir. 2011) (remand is unnecessary "when it is highly probably [*sic*] that the error did not affect the outcome of the case."). Plaintiff disagrees with that approach. She asserts that the prejudicial nature of the ALJ's adverse findings was already established by this Court's

original decision to remand the case and, therefore, Judge Angell should have reviewed the ALJ's step-two findings on the merits and remanded the case a second time.  Pl.'s Objs. 2-3.

Plaintiff's argument is unpersuasive.  Judge Angell was within her power to deny a second remand on the ground that the ultimate outcome of the ALJ's five-step analysis would not have changed even if he had found severe fibromyalgia or migraines.  In essence, Plaintiff's claim was not denied because the ALJ found she does not suffer from severe fibromyalgia or migraines at step two; it was denied because her limitations do not prevent her from performing relevant jobs as determined at step five.  Plaintiff does not argue differently other than to state, in a conclusory manner, that "the ALJ's failure to appropriately recognize and assess these two impairments affected his assessment of Plaintiff's residual functional capacity [RFC], his weighing of medical opinion evidence, and his determination regarding the credibility of Plaintiff's testimony."  Pl.'s Objs. 2.  Plaintiff does not explain *how* those bald assertions, even if accepted as true, negatively affected the ALJ's ultimate conclusion.

Regardless, the ALJ cured any potential prejudice implied by the Remand Order because, as explained below, his second decision was "supported by the type of evidence and rationale that withstands judicial review."  *Helvetia Coal Co. v. Dir., Office of Workers' Comp. Programs*, No. 16-1102, 2017 WL 464442, at *4 (3d Cir. Feb. 3, 2017) (the ALJ corrected a prejudicial error on remand by supporting his new findings with "substantial evidence"); *see also Fee v. Astrue*, No. 09-cv-40, 2010 WL 59795, at *3 (E.D. Ky. Jan. 6, 2010) (the "problem [in the ALJ's first decision] has been cured" because "[u]pon remand," the ALJ supported his findings with "substantial evidence").

With respect to Huff's alleged fibromyalgia, the ALJ reviewed the medical records and concluded that there was "no evidence to support a finding that the clamant [*sic*] has severe

fibromyalgia because there is no evidence to show that the claimant has a history of widespread pain," as would be suggested by a variety of medical indicators that were absent from her records.[1] Admin. R. 753, ECF No. 8-13. He further noted that Plaintiff's records suggest her reported pain may originate from other sources, which have not been ruled out by her treating physicians. *Id.* By explaining that Plaintiff's records lacked any evidence to conclude that her longstanding symptoms were caused by fibromyalgia to the exclusion of other disorders, the ALJ also resolved the chronological ambiguity identified in Judge Rapoport's R&R: Plaintiff may have been on fibromyalgia medications for an extended or short period of time, but that does not necessarily mean she was suffering from severe fibromyalgia as opposed to some other ailment.[2]

The ALJ also reconsidered Plaintiff's headaches and found no evidence to support a finding of severe migraines. *Id.* at 754. The ALJ explained in detail how the medical records lacked any description of typical migraine events or symptoms independent of the fact that all testing was negative. *Id.* The ALJ further noted that "many of the claimant's records state that she did not have headaches and/or was functioning well despite her headaches." *Id.*

Plaintiff understandably disagrees with the ALJ's findings, but points to no evidence that would permit this Court to reverse or vacate them. *See Salles*, 229 F. App'x at 144 (plaintiff "has the burden of showing that an impairment is severe" and is required to present evidence, beyond her own testimony, to contradict the ALJ's findings). On the contrary, Plaintiff testified

---

[1] Plaintiff's assertion that the ALJ's conclusion is ambiguous because it is consistent with a finding of non-severe or no fibromyalgia is beside the point. *See* Pl.'s Br. & SI 3. Even if the ALJ's conclusion does not explicitly exclude a finding of non-severe fibromyalgia, that does not advance Plaintiff's cause in any way because the ALJ does not need to complete the five-step analysis for a non-severe impairment. *See Newell*, 347 F.3d at 546.

[2] Plaintiff believes the ALJ's analysis "is almost entirely an attack on the diagnosis," rather than an evaluation of its severity. Pl.'s Br. & SI 4. That is a distinction without a difference. In conducting his analysis, the ALJ followed the instructions provided in SSR 12-2p, a Social Security Ruling that provides guidance on developing evidence to establish a medically determinable impairment of fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (S.S.A. July 25, 2012). In addition to providing criteria for analyzing the severity of a fibromyalgia diagnosis, SSR 12-2p also provides that an ALJ "cannot rely upon the physician's diagnosis alone" and must review the medical records "to see if they are consistent with the diagnosis." *Id.* That is what the ALJ did here.

that medication helped to relieve her fibromyalgia and headaches, Admin R. 750, 757, 782-83, ECF No. 8-13, an admission that further supports the ALJ's findings that those impairments are not severe. *See Salles*, 229 F. App'x at 145; *Gross v. Heckler*, 785 F.2d 1163, 1165-66 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). The lack of positive evidence, combined with evidence that medication controlled the pain, led the ALJ to properly conclude that Plaintiff's alleged fibromyalgia and migraines are not severe. *See Sharp v. Astrue*, 228 F. App'x 228, 230-31 (3d Cir. 2007) (absence of "record evidence" to support claims of severe headaches, in combination with "evidence that headaches had been controlled by medication," satisfied "substantial evidence").

Plaintiff's first objection is overruled.

## II.    The ALJ Sufficiently Justified Rejecting the Treating Physicians' Opinions

Plaintiff next disagrees with the ALJ's decision to reject the opinions of three of her treating physicians: Stephanie Kaliner, D.O., Anish Patel, M.D., and Sunjay Gupta, M.D. Pl.'s Objs. 3-7.

An ALJ may give "controlling weight" to the opinion of a treating physician, if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the record]." 20 C.F.R. § 404.1527(c)(2). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence[.]" *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Id.* (quoting *Mason v. Shalala,* 994 F.2d 1058, 1066 (3d Cir.1993)).

**A. Stephanie Kaliner, D.O.**

Plaintiff argues that the ALJ improperly rejected Dr. Kaliner's opinion and did not

adequately address the defects identified in Judge Rapoport's R&R, which stated:

> [T]he problem with the ALJ's determination is that it does not set
> forth any of these reasons for discounting the opinion of Dr.
> Kaliner. The ALJ makes no mention of any objective evidence
> and/or any treating physician opinions that refute the opinion of
> Dr. Kaliner, nor does he make any specific mention of any
> diagnostic test that allegedly refutes the opinion of Dr. Kaliner.

Admin. R. 832-833, ECF No. 8-14.

On remand, the ALJ reviewed the evidence and again opted to disregard Dr. Kaliner's

opinion. Admin. R. 758, ECF No. 8-13. As Judge Angell explained, the ALJ's decision "as a

whole" provided sufficient reasons to reject Dr. Kaliner's opinions even though a "more

thorough analysis in this section would have been helpful in understanding the ALJ's reasoning

for rejecting these opinions[.]" R&R 13 n.9. Judge Angell expounded the reasons for rejecting

Dr. Kaliner's opinion with relevant findings from the ALJ's step-two analysis, as well as with

her own review of the Plaintiff's GAF score. *See id.* 13-14, n.10. This Court agrees with Judge

Angell's holistic approach and finds the ALJ's decision "as a whole" sufficiently justified

disregarding Dr. Kaliner's opinion. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)

(finding that "the ALJ's decision, read as a whole," offered "sufficient explanation" to support its

determinations); *Cacere v. Comm'r of Soc. Sec.*, 189 F. App'x 59, 63 (3d Cir. 2006) ("viewing

the ALJ's decision as a whole," the court of appeals found the "ALJ's reasoning was sufficient").

Plaintiff accepts this approach "for the sake of argument," but claims the R&R does not

fare any better in justifying the ALJ's decision. Pl.'s Obj's. 5. Rather than focus on the ALJ's

step-two analysis and Judge Angell's GAF analysis, however, Plaintiff focuses on one line from

the ALJ's reasoning: "I have reconsidered these opinions and further find that they are not

credible because a finding of disability is not consistent with the normal neurological exams, the bulk of the medical records and the GAF of 60." *Id.* Plaintiff argues that this single line does not cure the defects in the ALJ's initial decision because "normal neurological exams" do not rule out disabling limitations, "the bulk of the medical records" is too vague and conclusory, and a single GAF score of 60 is not inconsistent with a disability finding. Pl.'s Objs. 4. Plaintiff cites no authority in support of her arguments, however, and this Court sees no legal basis for rejecting the ALJ's findings or Judge Angell's holistic review.

**B. Anish S. Patel, M.D.**

Plaintiff also claims the ALJ improperly rejected Dr. Patel's medical opinion. Specifically, Plaintiff contends that the ALJ's second decision did not cure the deficiency identified in Judge Rapoport's initial R&R, which concluded: "[T]he ALJ fails to discuss any treating physician's opinion that refutes the opinion of Dr. Patel, and also fails to discuss any diagnostic testing that refutes Dr. Patel's opinions." Admin. R. 833, ECF No. 8-14. According to Plaintiff, Judge Angell's R&R merely restates the ALJ's conclusion and "does not add anything of substance." Pl.'s Objs. 6. Plaintiff is wrong.

On remand, the ALJ reviewed the record and again found Dr. Patel's opinion was "not credible because all of the physical exams, *which I have discussed in detail above*, have been essentially normal." Admin. R. 758, ECF No. 8-13 (emphasis added). Judge Angell found it sufficient that the "ALJ incorporated by reference his preceding analysis," including his step-two analysis, as the basis for supporting his decision to reject Dr. Patel's opinion. R&R 14. Again, the Third Circuit has endorsed a holistic review of an ALJ's decision in deciding whether the ALJ sufficiently explained his determinations. *See Jones*, 364 F.3d at 505; *Cacere*, 189 F. App'x at 63. Plaintiff cites no authority to the contrary.

### C.  Sunjay Gupta, M.D.

Plaintiff also disagrees with the ALJ decision to reject Dr. Gupta's opinion.  In making that determination, the ALJ again incorporated the reasons "stated above" (i.e., within the ALJ's decision) and offered additional explanations, including a finding that "there is no medical basis for [Huff's] inability to sit for only 2-3 hours a day, especially since [she] testified that she spends most of her day sitting and watching television."  Admin. R. 759, ECF No. 8-13.

Judge Angell found the ALJ's explanations were sufficient to reject Dr. Gupta's opinion.  And, even though Plaintiff had testified that she did not have a television, the ALJ's factual misstatement was harmless because Plaintiff had also testified she spent most of her days reading magazines and books – activities Judge Angell assumed "are typically sedentary."  R&R 15.

Plaintiff argues that "[i]t is patently unreasonable to interpret this testimony as asserting the ability to sit for prolonged periods of time."  Pl.'s Objs. 7.  This Court disagrees.  In Dr. Gupta's own opinion, Plaintiff can stand or walk for one hour or less in an eight hour day "requiring 20 minute breaks in between standing [and] walking."  Admin. R. 1148, ECF No. 8-19.  If Plaintiff can only stand or walk for a very limited time during the day, and claims to spend most of her day reading, "a reasonable mind," *Hartranft*, 181 F.3d at 360, could conclude that she is sitting for more than two to three hours a day while reading.

In sum, the ALJ was well within his discretion to reject the opinions of Drs. Kaliner, Patel and Gupta.  And Judge Angell properly affirmed the ALJ's decision.  Plaintiff's second objection is therefore overruled.

### III.    The ALJ Rejection of Plaintiff's Testimony Was Justified

On remand, Plaintiff had the opportunity to testify once again before the ALJ.  Admin R. 746, ECF No. 8-13.  She claims the ALJ erred in evaluating the credibility of her testimony, and

Judge Angell's R&R "simply restates the ALJ's explanation without responding to her critiques of it." Pl.'s Objs. 7.

"The ALJ's credibility determinations must be based on substantial evidence, but typically they are entitled to deference because of [the ALJ's] ability to assess the demeanor of witnesses at the hearing." *Williams v. Barnhart*, 87 F. App'x 240, 242 (3d Cir. 2004.). The Third Circuit requires "that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence," but the ALJ does not have to accept testimony that is contrary to the record. *Green v. Schweiker*, 749 F.2d 1066, 1068 (3d Cir. 1984). The ALJ "has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." *Weber v. Massanari*, 156 F. Supp. 2d 475, 485 (E.D. Pa. 2001) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). Nevertheless, "the ALJ must still explain why he is rejecting the testimony." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000).

As Judge Angell explained, the ALJ provided sufficient reasons to doubt Plaintiff's subjective complaints of pain. The ALJ considered relevant that Plaintiff's "physical exams have been normal with no neurological deficits." R&R at 16 (citing to Admin. R. 757, ECF No. 8-13). The ALJ also noted that Plaintiff's medical records indicated she "denie[d] headaches" on multiple occasions. *Id*. More fundamentally, the ALJ found Plaintiff's medical records and testimony revealed drug-seeking behaviors that undermined her credibility on pain. *Id*. These factors led the ALJ to conclude that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of symptoms are not credible[.]" *Id*. This Court agrees that, "given the evidence presented," the ALJ "properly assessed Ms. Huff's credibility." *Id*. at 18.

It does not matter that Judge Angell did not directly address Plaintiff's "critiques" since they do not undermine the ALJ's primary basis for disbelieving her complaints of pain, i.e., Plaintiff displayed, and her medical records reinforced, drug-seeking behaviors that suggest she is overstating her pain-related symptoms.[3]  R&R 17.  Furthermore, contrary to Plaintiff's "critiques," the ALJ did explain his reasons for disbelieving Plaintiff's complaints of headaches: the absence of "neurological deficits," although not dispositive, is relevant because it does not lend support to Plaintiff's claims of pain; and Plaintiff's alleged migraines are unsupported insofar as her medical records lack any evidence of physical degeneration or descriptions of symptoms that are ordinarily associated with that condition.  *See* Admin R. 754, ECF 8-13. While the ALJ could have been more deliberate in organizing his analysis and stating his reasons, there is enough in his decision to warrant this Court's deference.

Plaintiff's third objection is overruled.

## IV.    The ALJ Properly Relied on the Vocational Expert's Testimony

The ALJ also heard additional testimony from vocational expert (VE) Christine A. Carrozza Slusarski.  Admin R. 746, ECF No. 8-13.  Plaintiff asserts that the VE's testimony was inconsistent with the *Dictionary of Occupational Titles* (DOT),[4] and that the ALJ erred in relying upon that testimony without resolving the inconsistency.  Pl.'s Objs. 7-8.  Plaintiff objects to Judge Angell's review of this issue because it "does not squarely meet" her argument.  *Id*. at 8.

At issue here is whether someone who is limited to performing one- to two-step *tasks*, like Plaintiff, can hold a job that requires the ability to follow more than one- to two-step

---

[3] The ALJ's decision includes several references to evidence that suggests drug-seeking behavior.  *See, e.g.*, Admin. R. 749-50, 752-53, 757-58, ECF No. 8-13.

[4] The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy, in order to determine whether any jobs exist that a claimant can perform."  *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002).

*instructions*.  The ALJ initially asked the VE if any jobs exist for a hypothetical person limited to performing "only simple, one, two-step type tasks."  Admin R. 791, ECF No. 8-13.  The VE testified that someone with that limitation could perform jobs such as hand packager, inspector, or retail tagger.  She also confirmed that the hypothetical was not "at variance" with the DOT descriptions for those jobs.  *Id*. at 792.  On cross-examination, Plaintiff's attorney asked whether the VE's opinion would change if the hypothetical were limited to following "one to two-step instructions."  *Id*.  The VE responded, "Probably not, . . . these are both *reasoning two jobs*. There may be some slight detail but no complicated details, so they're virtually the same as simple instruction."  *Id*. at 793 (emphasis added).

According to the DOT, jobs with a reasoning level of two (or "reasoning two jobs") require the individual to apply "commonsense understanding to carry out detailed but uninvolved written or oral instructions."  Pl.'s Br. & SI at 19-20 (citing to DOT at 1011) (emphasis added). By contrast, jobs with a reasoning level of one (or "reasoning one jobs") only require the "commonsense understanding to carry out simple *one- or two-step instructions*."  *Id*. (emphasis added).  Based on these definitions, Plaintiff believes that an individual limited to following one-to two-step instructions would only able to perform reasoning one jobs.  *Id*. at 20.  When Plaintiff's attorney asked the VE whether "*reasoning one* is for one or two-step tasks – *instructions*," the VE responded, "No, that's not correct . . . very similar but it's, it's not the same."  Admin R. 793, ECF No. 8-13 (emphasis added).   Because the VE seemingly misunderstood the reasoning levels (i.e., she apparently disagreed that individuals limited to one-to two-step instructions can only perform reasoning one jobs), Plaintiff argues the VE's testimony was inconsistent with the DOT.  Pl.'s Br. & SI 20-21.

Plaintiff further asserts that a "limitation to performing 1-2 step tasks is more extreme that [*sic*] a limitation to following 1-2 step instructions" and is, thus, "disabling as a matter of simple commonsense" because "even the simplest task involves more than one or two steps." *Id.* at 18-19. For example, a person who cannot perform more than two-step tasks cannot work as a housekeeper, even if that person is able to follow one-to-two step instructions, because a housekeeper must not only be able to understand the single instruction, "make the bed," but also be able to perform the multiple steps necessary to actually make the bed. *Id.* at 18-19, n.8. According to Plaintiff, it is "absurd" to expect that an individual limited to one- to-two step tasks could hold any job, much less "reasoning two jobs" suggested by the VE. *Id.* Plaintiff believes the ALJ needed to resolve that "inconsistency" before relying on the VE's opinion. *Id.* at 19-20.

Plaintiff is correct that, "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." *Use of Vocational Expert & Vocational Specialist Evidence & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). As Judge Angell correctly observed, however, the purported inconsistency is irrelevant because the VE's opinion finds support in the law, i.e., there are jobs that a hypothetical person could perform whether she is limited to one- to two-step tasks or instructions. R&R 21-22; *see also* Def.'s Br. at 10-11, ECF No. 11 (collecting cases in support of this proposition). By contrast, Plaintiff cites no authority in support of her argument and offers no compelling reason to reject the ALJ's decision or Judge Angell's conclusion.

Plaintiff's fourth and final objection is overruled.

<u>**CONCLUSION**</u>

Plaintiff's Objections are **OVERRULED** and Judge Angell's R&R is **APPROVED** and

**ADOPTED** in its entirety.


BY THE COURT:


*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.